UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IVAN P. CARTAGENA,<br><br>                         Plaintiff,<br><br>               -against-<br><br>NYS DOCCS,<br><br>                         Defendant. | ORDER DIRECTING PAYMENT OF<br>FEES OR AMENDED IFP FOR<br>RELEASED PRISONER<br><br>1:26-CV-3443 (LTS) |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, was incarcerated in the Hudson Correctional Facility when he filed this action. He was, therefore, a "prisoner" as defined by the Prison Litigation Reform Act ("PLRA")[1] when he filed this action, and is subject to the PLRA's restrictions. *See Gibson v. City Mun. of N.Y.*, 692 F.3d 198, 201 (2d Cir. 2012) ("[T]he relevant time at which a person must be 'a prisoner' within the meaning of the PLRA in order for the Act's restrictions to apply is 'the moment the plaintiff files his complaint.'" (citation omitted)). Under the PLRA, a prisoner proceeding *in forma pauperis* ("IFP"), for example: (1) must pay the $350.00 filing fee in installments withdrawn from his prison trust fund account, 28 U.S.C. § 1915(b)(1); and (2) can be disqualified from proceeding IFP, that is, without prepaying the filing fee, if he has previously filed three or more federal civil actions (or appeals), while he has been a prisoner, that were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted, *see* § 1915(g) (the "three strikes" rule).

---

[1] Under the PLRA, a prisoner is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 28 U.S.C. § 1915(h).

By order dated May 1, 2026, the Court directed Plaintiff, who had filed an IFP application with his complaint while incarcerated, within 30 days, to either pay the $405.00 in total fees to bring this civil action or submit a prisoner authorization that, if the Court were to grant him IFP status as a prisoner, would authorize the governmental entity holding him to, among other things, deduct the $350.00 filing fee in installments from his prison trust fund account. (ECF 4.) On May 15, 2026, the court received a letter from Plaintiff requesting that his address of record for this action be changed to a residential address. (ECF 5.)

Before resolving Plaintiff's request to proceed IFP, and in light of Plaintiff's abovementioned letter, the Court ascertained from public records that Plaintiff has been released from incarceration and is now under parole supervision. Upon a prisoner's release, "his obligation to pay fees is to be determined, like any non-prisoner, solely by whether he qualifies for [IFP] status." *McGann v. Comm'r of Soc. Sec.*, 96 F.3d 28, 30 (2d Cir. 1996). "A released prisoner may litigate without further prepayment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners." *Id.*

Because Plaintiff is no longer incarcerated, "there is no prison [trust fund] account from which to calculate and debit the required payments" of the $350.00 filing fee in installments, *id.* at 29-30, which the abovementioned prisoner authorization would normally authorize if Plaintiff were to be granted IFP status while still incarcerated. Accordingly, the Court vacates its May 1, 2026 order.

Because Plaintiff has been released from incarceration and is now under parole supervision, however, his financial situation may have changed. Thus, if Plaintiff wishes to prosecute this action and proceed IFP, within 30 days, he must fully complete, sign, and submit an amended IFP application. Alternatively, within 30 days, Plaintiff may pay the $405.00 in total

2

fees to bring this civil action as a person not seeking IFP status. If Plaintiff fails to comply with this order within the time allowed, the Court will dismiss this action without prejudice to Plaintiff's refiling the action.

**CONCLUSION**

The Court vacates its May 1, 2026 order. (ECF 4.) Within 30 days of the date of this order, Plaintiff must either pay the $405.00 in fees that are required to file a civil action in this court or fully complete, sign, and submit the attached amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 1:26-CV-3443 (LTS).

No summons shall issue at this time. If Plaintiff fails to comply with this order within the time allowed, the Court will dismiss this action without prejudice to Plaintiff's refiling this action.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    May 21, 2026
        New York, New York

                         /s/ Laura Taylor Swain
                          LAURA TAYLOR SWAIN
                Chief United States District Judge